IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN G. PRICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:99cv1184-ID |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is John G. Price's ("Price") *pro se* motion for relief from judgment

pursuant to Fed.R.Civ.P. 60(b)(3), 60(d)(1), and 60(d)(3).  (Doc. No. 8)  By his motion,

Price purports to seek relief from this court's judgment of January 11, 2005, denying a 28

U.S.C. § 2255 motion filed by Price.

**I.   RELEVANT BACKGROUND**

In July 1993, a jury found Price and his codefendant son guilty of conspiracy to

commit murder, in violation of 18 U.S.C. § 371, and the use of interstate commerce facilities

with the intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958.  Price was also

convicted of solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373.  He

was sentenced to 360 months in prison and fined; his son was sentenced to 300 months in

prison and was ordered to pay fines as well.  Price and his son appealed to the Eleventh

Circuit, challenging their convictions and their sentences.

On September 29, 1995, in a published opinion, the Eleventh Circuit affirmed the

convictions of Price and his son, but vacated their sentences and remanded to the trial court for resentencing.[1]  On remand, the trial court resentenced Price and his son to the same sentences they had previously received by applying a two-level upward departure based on the racial/ethnic motivation behind the crimes and planned mutilation of a victim and based on the extreme psychological injury to the planned victims.  Price and his son appealed their sentences after resentencing, and on November 3, 1997, in an unpublished opinion, the Eleventh Circuit affirmed the sentences.[2]  A subsequent petition for a writ of certiorari was denied by the Supreme Court.

On October 4, 1999, Price, with the aid of counsel, filed a 28 U.S.C. § 2255 motion with this court challenging his convictions and sentence.  On that same date, Price's son also filed a 28 U.S.C. § 2255 motion.  Price and his son were later allowed to amend their § 2255 motions.  In his § 2255 motion, as amended, Price raised the following claims:

1.  His convictions were obtained in violation of the Fifth and Sixth Amendment because the government instigated, encouraged, permitted, and/or assisted its undercover operative to testify falsely about material issues.

2.  His convictions were obtained in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because the government produced a diary of its undercover operative in redacted for prior to trial, and the redacted information would have been beneficial to an entrapment defense.

---

[1]*See United States v. Price*, 65 F.3d 903 (11th Cir. 1995).  The appellate court instructed the trial court to resentence Price and his son in light of its determination that "one of the three grounds for departure was already considered in the relevant guidelines."  *Id*. at 912.

[2]*United States v. Price*, No. 96-6954 (11th Cir. Nov. 3, 1997) (unpublished).

3. The truth-seeking function of the trial was subverted by the prosecution's knowing use of false and/or misleading testimony and by the failure of the government to correct known false testimony.

4. Trial counsel was rendered ineffective by the government's subversive actions, and the government's actions in this regard constituted cause for any procedural default.[3]

This court denied Price's § 2255 motion in a final judgment entered on January, 11, 2005. *See United States v. Price*, Civil Action No. 2:99cv1184-ID (Doc. No. 5). In denying Price relief, the court found that it was precluded from reviewing Price's claims concerning the redactions from the diary of the government's undercover operative, because those claims were raised and disposed of in Price's direct appeal. *Id.*, Magistrate Judge's Recommendation, Nov. 30, 2004 (Doc. No. 2 at p. 7), adopted in District Court's Order, Jan. 11, 2005 (Doc. No. 4). The court rejected Price's remaining § 2255 claims on the merits. *Id.* (Doc. No. 2 at pp. 7-14; Doc. No. 4). Price appealed from the denial of his § 2255 motion, and in May 2005 the Eleventh Circuit denied his application for a certificate of appealability.

Price's instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(3), 60(d)(1), and 60(d)(3) (Doc. No. 8) was received by this court on September 13, 2010, although Price represents that he signed the motion on July 10, 2010.

Price presents the following claims in his motion:

---

[3]Price's son raised these same claims in his § 2255 motion as amended. The magistrate judge considered the § 2255 motions filed by Price and his son together in the same recommendation. *See United States v. Price*, Civil Action Nos. 2:99cv1183-ID & 2:99cv1184-ID (Doc. No. 2.)

1.    There was "fraud crafted into the indictment," making the trial and appellate process a fraud on the court and the § 2255 motion "a moot exercise by defense attorneys caused to be ineffective"; specifically:

    a.    Count One of the indictment alleged two separate conspiracies, not a single conspiracy.

    b.    He is actually innocent of the conspiracy conviction.

    c.    There was no evidence of conspiracy to support the conspiracy charge.

    d.    There was insufficient evidence to support the conspiracy charge because there were no overt acts.

    e.    He was "entrapped" into the interstate commerce elements of the conspiracy charge.

    f.    The government chose a federal facility as the site to stage the "death" of the victim, solely for the purpose of federalizing the offense.

    g.    The government extorted him in order to get him to commit his crimes.

    h.    The government framed him to make him appear guilty.

    i.    A government agent mis-transcribed a tape-recording and therefore presented false evidence.

    j.    Count One of the indictment was deliberately written to deceive the court as to the nature of the charges, resulting in the court being without subject matter jurisdiction as to Count One and as to Counts Three through Six.

4

2.    His sentence was improper for the following reasons:

    a.    Fraud in Counts One and in Counts Three through Six of the indictment denied subject matter jurisdiction to the trial court and thus caused the court to over-sentence him.

    b.    His sentences for Counts Three through Seven were incorrectly assessed.

    c.    His sentences for Counts Three and Four were incorrectly run consecutively to each other and consecutively to Count One.

    d.    His total sentence for all counts of conviction exceeded the applicable statutory maximums and should have been only 131.5 months.

    e.    The trial court improperly applied the sentencing guidelines in grouping his counts of conviction.

    f.    His sentence was based on the application of improper enhancements

    g.    His sentence was improperly based on judicial factfinding.

    h.    The fines assessed against him improperly included the cost of his incarceration and/or supervision.

    i.    He is actually innocent of the sentences and fines imposed in the case.

3.    His counsel rendered ineffective assistance in the following ways:

    a.    Counsel failed to raise any objections at sentencing.

      b.      Defense attorney Marcia Shein breached her agreement to make sure "the lowest possible time and fines" were imposed at sentencing.

      c.      On direct appeal, at the initial resentencing, and in the § 2255 proceeding, counsel failed to raise sentencing errors, including claims that the sentence exceeded the authorized statutory maximum.

      d.      The failure of his counsel in the § 2255 proceeding to raise claims regarding the fraud crafted into Count One and Counts Three through Six of the indictment resulted in a fraud on the district court and on the appellate court.

(Doc. No. 8 at pp. 3-27.)

## II.   DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).  Rule 60, like all Federal Rules of Civil Procedure, apply only to civil actions and proceedings in the United States District Court.  *See* Fed.R.Civ.P. 1. Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case.  *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case for a number of reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

party."[4]  *See* Fed.R.Civ.P. 60(b)(3).  Such motions are subject to a one-year statute of limitations.  Fed.R.Civ.P. 60(c)(1).  However, under recently enacted Rule 60(d), no limitations period diminishes "a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] ... (3) set aside a judgment for fraud on the court."[5]  *See* Fed.R.Civ.P. 60(d).

When a *pro se* petitioner brings a motion under Rule 60, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.  *See Williams*, 510 F.3d at 1293-95.  If construed as a second or successive motion, the district court lacks subject matter jurisdiction.  *Id*. at 1295.  In *Gonzalez v. Crosby*, 545 U.S. 524 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[6]  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise

---

[4]Rule 60(b) provides, in sum, the following six bases for relief:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment

[5]Rule 60 was restructured effective December 1, 2007, to provide at 60(d)(3) that, "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court."  Previously, such claims were brought under 60(b).

[6]*Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.  *See El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 action as a second or successive § 2255 motion and dismiss it accordingly. *Id.*; *see also Williams*, 510 F.3d at 1293-94. By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 action as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294. Such actions can be ruled on by the district court without the precertification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[7] *Id.* at 538.

All of Price's claims for relief – with the exception of his allegations that he received ineffective assistance of counsel in the § 2255 proceeding, stemming from, he says, "fraud crafted into the indictment" and resulting in "a fraud on the court" – are self-evidently *not* claims that assert some defect in the integrity of the proceedings on Price's § 2255 motion. These claims all relate to judicial proceedings and events that occurred before Price filed his § 2255 motion, and all attack the substance of his conviction and sentence rather than the

_____

[7]The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

integrity of this court's judgment denying his § 2255 motion.  Because such claims seek relief from the underlying judgment of conviction and sentence, they are not properly asserted in a motion under Fed.R.Civ.P. 60.  Thus, the instant motion, to the extent that it challenges Price's underlying conviction and sentence, is a successive § 2255 motion.  *See Gonzalez*, 545 U.S. at 531-32; *Williams*, 510 F.3d at 1293-94.  Because Price has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court lacks the jurisdiction to consider these claims.[8]  *Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293-95.  *See also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Price also alleges that his counsel in the § 2255 proceeding was "caused to be ineffective" because of the "fraud crafted into the indictment."  In addition, and relatedly, he maintains that the failure of his counsel in the § 2255 proceeding to raise claims regarding the fraud allegedly crafted into the indictment resulted in a fraud on the district and appellate courts.  The Supreme Court in *Gonzalez* specifically identified fraud on the federal habeas court as an example of a defect in the integrity of the federal habeas proceedings and thus a permissible Rule 60 claim.  *See* 545 U.S. at 532 n.5.  However, in terms particularly relevant to Price's instant motion, the Supreme Court in *Gonzalez* also observed that an attack on a habeas judgment "based on the movant's own conduct, *or his*

---

[8]Moreover, to the extent that Price seeks relief under Fed.R.Civ.P. 60(b)(3), his motion is untimely, as it was filed more than five years after entry of the January 11, 2005, judgment denying his § 2255 motion.  *See* Fed.R.Civ.P. 60(c)(1); *see also, e.g., Ferguson v. United States*, No. 09-11723, 2010 WL 2428833 (11th Cir. Jun. 16, 2010) (unpublished).

*habeas counsel's omissions*, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. (citation omitted; emphasis added).

As noted above, Price alleges that his counsel in the § 2255 proceeding was "caused to be ineffective" because of the fraud purportedly crafted into his indictment. First, this is little more than a conclusory allegation by Price. Moreover, it is well settled that there is no constitutional right to counsel in a federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). Therefore, the right to counsel Price apparently invokes by this claim is not rooted in the Constitution. Finally, although Price (superficially) purports to raise a defect in the integrity of the § 2255 proceeding by this claim, he is actually seeking an opportunity to argue the merits of a new ground for relief from his underlying conviction and sentence, i.e., the claim that there was fraud crafted into his indictment. As such, the claim is not a permissible Rule 60 claim, despite being so labeled by Price. Because Price has not received certification from the Eleventh Circuit authorizing this court to consider a successive § 2255 motion, this court lacks the jurisdiction to consider this claim.[9] *Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293-95; *Farris v. United States*, 333 F.3d at 1216.

Price also alleges that the failure of his counsel in the § 2255 proceeding to raise

---

[9]Moreover, to the extent that Price seeks relief under Fed.R.Civ.P. 60(b)(3), his motion is untimely, as it was filed more than five years after entry of the January 11, 2005, judgment denying his § 2255 motion. *See* Fed.R.Civ.P. 60(c)(1); *see also, e.g., Ferguson v. United States*, No. 09-11723, 2010 WL 2428833 (11th Cir. Jun. 16, 2010) (unpublished).

claims regarding the fraud crafted into his indictment resulted in a fraud on the district and appellate courts. *See* Fed.R.Civ.P. 60(d)(3). When a Rule 60 motion is construed as an independent action alleging fraud on the court, the movant must establish by clear and convincing evidence, among other things, "fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985). "Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). An action for fraud on the court should be available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Further, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 284-85 (11th Cir. 1987) (quotation omitted).

Price clearly does not satisfy the requirements of Fed.R.Civ.P. 60(d)(3). Fraud on the court, for purposes of Rule 60(d)(3), is not a mere failure of counsel to present certain issues and arguments. In presenting this claim, Price does little more than invoke the terminology of Rule 60(d)(3) while in fact seeking, as he does with his other claims, to attack his

conviction and sentence.[10]  Price fails to elaborate, beyond his conclusory allegation, how fraud in his indictment, and his § 2255 counsel's failure to raise claims regarding the supposed fraud, worked to commit fraud on the district and appellate courts.   Nor does he provide clear and convincing probative facts indicating that there was an unconscionable plan or scheme to improperly influence the court.  *Rozier*, 573 F.2d at 1338.  Thus, there is nothing in the record to indicate a need to correct a clear error or to prevent a grave miscarriage of justice.  *Beggerly*, 524 U.S. at 47.  Accordingly, there is no merit to Price's claim alleging a fraud on the court, and he is not entitled to any relief under Rule 60(d)(3).  Price's contentions are unsubstantiated and merit no further inquiry.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Price's instant motion be dismissed as a successive § 2255 motion insofar as his conviction and sentence are being collaterally attacked, and to the extent Price's claims allege fraud upon the court pursuant to Rule 60(d)(3) be denied, and the judgment denying his original § 2255 motion stand.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

---

[10]The cursory nature of Price's allegations in this regard and his transparent attempt to attack his conviction and sentence (and not the integrity of the § 2255 proceedings) cloaked in Rule 60(d)(3) rubric would warrant a finding that this claim is not a permissible Rule 60 claim and that it should instead be construed, with the rest of Price's claims, as a successive claim that this court lacks the jurisdiction to consider.  However, in an abundance of caution, this court has addressed Price's claim here as one properly raised under Rule 60(d)(3).

**before November 19, 2010**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 5th day of November, 2010.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE